FILED: April 9, 1997

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

———

No. 95-2458
(CA-94-328-2)

———

DORETHA WOOTEN,

Plaintiff - Appellant,

versus

ROCHE BIOMEDICAL LABORATORIES,
INCORPORATED,

Defendant - Appellee.

———

O R D E R

———

This case was decided by unpublished per curiam opinion on September 11, 1996. Both parties have now written to the Court and agree that the district judge has not yet entered an order disposing of the request for counsel fees. Therefore, we withdraw our mandate, which issued on October 3, 1996, vacate the final paragraph of the opinion, and remand to the district court the issue pertaining to attorneys' fees. In all other respects, no change is made to the opinion, and we direct the Clerk to reissue the mandate nunc pro tunc October 3, 1996.

Entered at the direction of Judge Butzner with the concurrence of Judge Niemeyer and Judge Motz.

For the Court

/s/ Patricia S. Connor
———
Clerk

**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

DORETHA WOOTEN,
Plaintiff-Appellant,

v.

No. 95-2458

ROCHE BIOMEDICAL LABORATORIES,
INCORPORATED,
Defendant-Appellee.

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
N. Carlton Tilley, Jr., District Judge.
(CA-94-328-2)

Argued: March 4, 1996

Decided: September 11, 1996

Before NIEMEYER and MOTZ, Circuit Judges, and BUTZNER,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Nancy Pulliam Quinn, DAVID & QUINN, Greensboro,
North Carolina, for Appellant. Gregory Phillip McGuire, HAYNS-
WORTH, BALDWIN, JOHNSON & GREAVES, P.A., Greensboro,
North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Doretha Wooten sued Roche Biomedical Laboratories under Title VII, claiming discriminatory treatment in the company's failure to promote her. The district court granted summary judgment against Wooten. We affirm.

I

Wooten began working for Roche Biomedical Laboratories in 1981. For a period of 12 years, she held a variety of jobs with the company. In 1989, she became a Quality Control Technician in the Special Products Department, under the supervision of Billy Fox. In early 1993, the company underwent a reorganization, and Pam Turpin became Wooten's supervisor.

During her time as Quality Control Technician, Wooten received numerous reprimands for tardiness, attendance problems, and poor work performance. Between April and October 1993, she received three written disciplinary actions for infractions. Because Wooten was taking college classes, Roche allowed her to work on a flexible time-table and to reschedule her work hours. Yet Wooten could not meet even this lenient schedule. During a span of eight and one half months in 1993, Wooten was late by more than 10 minutes on 49 occasions, significantly more than the next most tardy employee. Wooten also received disciplinary actions for work errors. In one instance in April 1993, Wooten claimed to have processed serum between 1:00 p.m. and 1:30 p.m. Her time card revealed that she did not show up for work until 1:32 p.m. As a result of the falsification, the entire lot of serum on which she was working had to be destroyed. Besides losing the product, Roche could have faced criminal charges of fraudulent activity based on this action. On January 4, 1994, Wooten took a medical leave of absence. On July 14, 1994, Roche terminated Wooten for failing to return to work after her leave of absence had expired.

2

Wooten brought this action under Title VII, claiming discrimination in Roche's failure to promote her to two positions: Red Blood Cell Supervisor and Quality Assurance Supervisor. She also claimed discriminatory treatment in being disciplined and alleged that Roche breached an implied covenant of good faith and fair dealing under North Carolina law. A magistrate judge recommended granting Roche's motion for summary judgment on all claims, and the district court affirmed.

II

We review grants of summary judgment de novo. Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994). Summary judgment should be granted only if there is no genuine issue of material fact. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-50 (1986). In considering the evidence, all reasonable inferences are to be drawn in favor of the nonmoving party. Id. at 255. A court may grant summary judgment against a party that fails to establish sufficiently the existence of an element essential to the party's case and on which the party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), the Court developed a scheme allocating the burdens of proof in a Title VII case alleging discrimination. First, by a preponderance of the evidence, the plaintiff must prove a prima facie case of discrimination. Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 252-53 (1981). A prima facie case requires the plaintiff to show that: (1) she belongs to a class protected under Title VII; (2) she applied and was qualified for a position for which the employer was seeking applications; (3) she was rejected from this position; and (4) after the rejection, the position remained open and the employer continued to seek applicants from among those with plaintiff's qualifications. See Green, 411 U.S. at 802. Once the plaintiff proves this case, the burden shifts to the defendant to articulate a legitimate nondiscriminatory reason for the rejection. Id. If the defendant meets this hurdle, then the plaintiff may show that the defendant's stated reason for rejection was pretextual by showing that the proffered reason was false and that discrimination was the real reason for rejection. St. Mary's Honor Center v. Hicks, 113 S.Ct. 2742, 2751-52 (1993). At all times, "the

3

plaintiff has the ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff." Burdine, 450 U.S. at 253.

Wooten fails to make out a prima facie case for either of the two positions for which she claims discrimination. She fails to show either the second or third elements of the case, as she neither applied for, nor was rejected from, the position of Red Blood Cell Production Supervisor. This position was created not by a vacancy, but instead by a reorganization of the company. Pam Turpin, who received this position, kept her old job title and salary.

Nor can Wooten prove a prima facie case for the position of Quality Assurance Supervisor, for which she made no showing that she was qualified. For this position, Roche was seeking an employee with experience in quality assurance and in working with a company regulated by the Food and Drug Administration (FDA). Julie Weintraub, who received the position, had been a Quality Assurance technician at QUIDEL Corporation, an FDA-regulated company. Not only did Wooten lack experience in quality assurance but her company had not been regulated by the FDA during her tenure.

Even if Wooten could make out a prima facie case under Title VII, Roche satisfied its burden of rebuttal by articulating legitimate non-discriminatory reasons for its decisions. Again, Turpin's accession to Red Blood Cell Supervisor was a lateral transfer, not a promotion. And only Weintraub, not Wooten, had the experience Roche was seeking in its Quality Assurance Supervisor position. Finally, Wooten offers no evidence that Roche's nondiscriminatory reasons were pretextual.

Wooten also claims that Roche violated Title VII by disciplining her more harshly because of her race. The burden-shifting scheme in claims of discriminatory discipline mirrors that in Green. To establish a prima facie case of racial discrimination, a plaintiff must show that: (1) she is a member of a class protected under Title VII; (2) the prohibited misconduct in which she engaged was comparable in seriousness to that of employees outside the protected class; and (3) the disciplinary measures she received were more severe than those dealt

4

to other employees. <u>Cook v. CSX Transp. Corp.</u>, 988 F.2d 507, 511 (4th Cir. 1993).

To dispose of this claim, we need look no further than Wooten's failure to prove her prima facie case, in particular, the second and third factors of the case. Wooten fails to produce evidence revealing other employees who committed comparable work errors. Charts compiled by her supervisor showed that Wooten was late to work significantly more than all other employees. Nor does Wooten show that she was treated more harshly than her colleagues. In fact, she was treated more leniently than she could have been. After Wooten falsified records, her supervisor could have fired Wooten. Instead, Wooten received only a written discipline.

Finally, Wooten claimed Roche breached an implied covenant of good faith and fair dealing under North Carolina law. Wooten was an at-will employee of the company, who did not have a written employment agreement. North Carolina courts do not allow an at-will employee to maintain a tort action based solely on a discharge in bad faith. <u>Salt v. Applied Analytical, Inc.</u>, 412 S.E.2d 97, 103 (N.C. App. 1991). Wooten has no bad-faith tort claim under North Carolina law.

<u>AFFIRMED</u>

5